UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT ARTHUR MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  24-2634 (UNA) |
| ) | |
| ) | |
| REDMOND BARNES, *et al.*, ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM OPINION**

Plaintiff Robert A. Moses, a *pro se* litigant currently imprisoned in Beeville, Texas, sues Defendants Supreme Court of the United States Clerks Redmond Barnes and Scott Harris and United States Senators Maria Cantwell, Dick Durbin, Richard Blumenthal, and Mitt Romney. Plaintiff seeks an order from this Court directing the Defendant Clerks to accept for filing a petition for writ of habeas corpus he attempted to file in the Supreme Court and directing the Defendant Senators to intervene on his behalf.  For the reasons stated below, the Court **DISMISSES** without prejudice Plaintiff's Complaint.

Plaintiff submitted to the U.S. Supreme Court a petition for a writ of habeas corpus in connection with his current incarceration, a supporting brief, and a money order for the docketing fee.  Compl. Dkt. 1 at 3, 5 (page numbers designated by CM/ECF).  His submission, however, did not comply with the Rules of the U.S. Supreme Court.  *See id*., Ex. at 2-3.  And so Clerk Barnes, allegedly supervised by Clerk Harris, returned to Plaintiff his submission and money order, which Plaintiff claims he did not receive.  *Id*. at 5.

Plaintiff maintains in this suit that he *had* complied with the relevant rules and that the Clerk Barnes "had no legal reason to return" his submission.  *Id*. at 7.  The clerk's failure to file

1

his writ was, Plaintiff's contends, "a suspension of [his] right to habeas corpus." *Id*. He demands a court order directing "the Clerk to accept" his submission and to "transmit [the matter] to Justice Jackson." Pl.'s Brief in Support of his Original Compl. (Dkt. 9) at 3; *see id*. at 4; *see generally* Mot. for Leave to Proceed Before Justice Ketanji Brown Jackson (Dkt. 10).

Plaintiff's claim against the Defendant Clerks fails for the straightforward reason that a federal district court has no authority to compel the U.S. Supreme Court, its Justices, or its Clerks to do anything. *See Smith v. Supreme Court of the United States*, No. 08-5171, 2008 WL 5532101, at *1 (D.C. Cir. Oct. 10, 2008) (per curiam); *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Nor does Plaintiff state any cause of action against them for monetary damages.

To the extent Plaintiff asks this Court entertain his petition for a writ of habeas corpus under 28 U.S.C. § 2241, the Court denies the request. A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in the habeas corpus action is Plaintiff's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), whom Plaintiff has not named as a party. Moreover, this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and Plaintiff is in custody in Texas. If habeas relief is available to Plaintiff, he "should name his [custodian] as respondent and file the petition in the district of [his] confinement." *Evans v. U.S. Marshals Serv.*, 177 F. Supp. 3d 177, 182 (D.D.C. 2016) (quoting *Padilla*, 542 U.S. at 447).

Plaintiff's claim against the Defendant Senators must be dismissed because he does not make any actionable claim against them. Before turning to the courts, Plaintiff had sent letters to the Defendant Senators asking that they "act in a manner which reflects their oath of office." *See* Dkt. 1. Senator Cantwell responded and explained that Plaintiff's "issue . . . is legal in nature and as such, [her] office does not have jurisdiction to intercede." *Id*. Plaintiff claims that the Senators' "intervention is necessary" to protect his rights. *Id.* Be that as it may, this Court also has no ability to direct the Defendant Senators to intervene in this matter, and so Plaintiff's claim against them must also be dismissed.

It is hereby ORDERED that Plaintiff's application for leave to proceed *in forma pauperis* [2] is GRANTED; it is further

ORDERED that the Complaint and this civil action are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's motions for appointment of counsel [5], for leave to file a petition for writ of habeas corpus [6], to proceed before Justice Jackson [10], to compel [11] and for court order [15] are DENIED WITHOUT PREJUDICE as moot.

This is a final appealable Order.

The Clerk of Court shall TERMINATE this case.

SO ORDERED.

DATE: December 2, 2024                              ANA C. REYES
                                                    United States District Judge